IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS HOHOL,

                                                                           OPINION AND ORDER

                  Petitioner,

                                                                            19-cv-993-bbc

   v.

MICHAEL MEISNER,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Dennis Hohol has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges the 2002 judgment of convictions entered by the Circuit Court for Waukesha County, Wisconsin, in Case Nos. 2000CF639 (three counts of second degree assault of a child) and 2001CF380 (one count child enticement–sexual contact). The petition is before the court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which requires the court to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that petitioner is not entitled to relief. 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). Also before the court is petitioner's motion for court assistance in recruiting counsel. Dkt. #2.

      In conducting this review, I have considered the petition and its numerous attachments, online state court records and the decision of the Wisconsin Court of

Appeals on petitioner's direct appeal. State v. Hohol, 2005 WI App 233, ¶ 1, 287 Wis. 2d 827, 705 N.W.2d 905 (per curiam).

After reviewing petitioner's submissions and relevant court records, it appears that the petition is untimely and that petitioner has procedurally defaulted several of his claims. However, I will give petitioner a short opportunity to show cause why the case should not be dismissed. Petitioner's motion for court assistance in the recruitment of counsel will be denied without prejudice to petitioner's renewing his motion in the event that his case is allowed to proceed.

BACKGROUND

On October 31, 2002, following a bench trial, petitioner was convicted of three counts of second degree sexual assault of a child in the Circuit Court for Waukesha County case no. 2000CF639 and one count of child enticement–sexual assault in case no. 2001CF380. He was sentenced to seven years of imprisonment on each count in case no. 2000CF639 and 14 years of imprisonment in case no. 2001CF380, all to be served consecutively. Petitioner's counsel filed a notice of appeal in both cases on January 12, 2004, and the Wisconsin Court of Appeals consolidated the appeals in March 2004.

Petitioner raised the following issues on appeal: (1) the trial court erred in admitting evidence of petitioner's other bad acts; (2) there was insufficient evidence to convict petitioner in either case; and (3) the trial court improperly considered other acts evidence at sentencing. In an order entered on September 28, 2005, the court of appeals

considered petitioner's appeal on the merits and affirmed his conviction. The Wisconsin Supreme Court denied his petition for review on February 21, 2008. Hohol v. Circuit Court for Waukesha County, 2008 WI 19, 307 Wis. 2d 296, 746 N.W.2d 814.

Following his direct appeal, petitioner filed various letters, briefs, motions and papers in an effort to overturn his conviction and get a new trial. Among other things, petitioner argued that his trial counsel was ineffective, the trial judge was biased, his conviction should be reversed and he was entitled to a new trial. The circuit court denied several of petitioner's motions and eventually appointed an attorney for petitioner in August 2007. Dkt. #1 at 82.

At a hearing before the circuit court on February 5, 2008, petitioner's attorney stated that he had found no merit to petitioner's motions. The circuit court allowed petitioner to reinstate his motions with a 20-page limit and set a hearing for May 2, 2008. Petitioner presented 155 issues, which included ineffectiveness of trial and appellate counsel, his competency to stand trial, the admission of other acts evidence, perjury by several witnesses, improper venue and jurisdiction and violations of his rights regarding double jeopardy, Miranda warnings and a speedy trial. In an order entered on April 16, 2008, the circuit court dismissed all of these issues on the merits and found that petitioner had presented only conclusory allegations and no plain statement of relief. Dkt. #1 at 80-86. Petitioner does not seem to have appealed that decision in the state court of appeals.

Over the next several years, petitioner continued to file various pro se motions and letters in the state circuit court, raising a variety of similar issues. The circuit court seems to have construed most of these filings as requests for postconviction relief, which it denied in several orders and letters issued between 2008 and 2011. In orders entered on November 20, 2009 and March 11, 2011, the circuit court noted that petitioner had filed several multi-page motions and documents in which he sought postconviction relief, but that it was impossible to discern what relief he was requesting because his filings were confusing, full of jargon and difficult to understand. Dkt. #1 at 66 and 79. The court went on to explain that it had reviewed and denied numerous postconviction motions filed by petitioner and had appointed counsel for petitioner, but counsel was unable to discern any meritorious claims. Id. In the end, the circuit court denied petitioner's claims without a hearing because the claims were conclusory, did not contain sufficient factual allegations to warrant a hearing and were barred by State v. Escalona-Naranjo, 185 Wis.2d 168, 185, 517 N.W.2d 157 (1994), because they could have been raised on direct appeal and in prior postconviction motions. Id. The circuit court denied petitioner's later-filed motions for a Machner hearing and postconviction relief for the same reasons, dkt. #1 at 69-70 (orders dated March 23 and April 14, 2011), and also denied other motions filed by petitioner in orders entered on May 12 and 25, 2011. Although the state court of appeals entered an order on May 3, 2011 stating that it was taking no action on a brief filed by petitioner, it does not appear that petitioner properly appealed any of the 2011 orders.

Plaintiff filed various motions and letters related to a refund for a "DNA surcharge" in 2012 and 2013, but the circuit court denied all of those requests by September 2013 at the latest. Petitioner later filed petitions for a writ of habeas corpus in state court in June 2015, March 2016 and July 2018, but it is not clear what relief petitioner sought in those petitions. Petitioner filed a habeas petition in this court on December 6, 2019.

OPINION

Petitioner appears to raise several grounds for relief in his petition, but as the Circuit Court for Waukesha County has noted on numerous occasions, it is almost impossible to discern what claims he is raising or the arguments that he is making in support of those claims. He inserts incomplete pages from various court decisions, transcripts and his previous court filings throughout his petition, making it 96-pages long. However, I understand petitioner to be making the following general arguments in the petition filed in this court:

1) The trial judge erroneously admitted evidence of petitioner's other bad acts.

2) The evidence was insufficient to convict petitioner.

3) The trial court improperly considered petitioner's other bad acts at sentencing.

4) The trial court abused its discretion when it imposed a sentence totaling 35 years out of a possible 50 years.

5) Petitioner's trial counsel was ineffective for numerous reasons, including failing to object to hearsay and unfair or prejudicial evidence and arguments (including other acts evidence), not impeaching witnesses, not calling an expert psychological witness, failing to argue that petitioner was incompetent to stand trial, failing to argue against joinder of cases and not requesting an in camera review of the victim's medical records or a change of venue.

6) Postconviction or appellate counsel was ineffective for filing a no-merit petition and disregarding petitioner's arguments.

7) All of the judges who issued rulings in his criminal cases were biased against him.

Petitioner faces two hurdles in bringing his petition—exhaustion and timeliness—and it does not appear that he can overcome either one.

A. Exhaustion

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state court remedies before seeking federal relief. Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1). A state prisoner must fully exhaust his claims by presenting them at all levels of review in the state courts before raising them in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). Petitioner does not make clear whether he exhausted any of his claims, but it appears from state court records available online that he exhausted his first three claims regarding the admission of his prior bad acts at trial, sufficiency of the evidence and the consideration of his prior bad acts at sentencing. Petitioner raised those claims in his direct appeal, which the court of appeals rejected on the merits, and the

state supreme court later denied his petition for review. However, it does not appear that petitioner exhausted any of his other claims in the state courts.

Following the conclusion of his direct appeal in 2008, and until 2011, petitioner continued to raise his previously-exhausted claims (nos. 1-3), as well as numerous other issues (including claim nos. 4-7), in various motions and correspondence that he filed in the state circuit court. However, it does not appear that petitioner appealed the circuit court's 2008, 2009 and 2011 denials of those requests for postconviction relief.

When a petitioner has pursued state court remedies but failed to properly present his claim to the state courts along the way, that claim is barred by the doctrine of procedural default. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). The doctrine of procedural default prevents a federal court from reaching the merits of a habeas claim if it finds that the petitioner failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred. Perruquet, 390 F.3d at 514; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). As the state circuit noted in its decisions denying petitioner's requests for postconviction relief, petitioner can no longer raise his unexhausted claims in state court because he may not file additional postconviction motions raising claims that he could have raised on direct appeal or in his first postconviction motion. Escalona-Naranjo, 185 Wis. 2d at 185 (defendant who has had direct appeal or another postconviction motion may not seek collateral review of issue that was or could have been raised in the earlier proceeding).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the court's failure to consider the claim would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A petitioner can demonstrate cause for his default by pointing to some objective factor external to the defense which blocked his ability to comply with the procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, he must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Perruquet, 390 F.3d at 515 (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 393 (2004) (quoting Carrier, 477 U.S. at 496); Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. Perruquet, 390 F.3d at 515. Nevertheless, a court may raise the existence of an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to

8

serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). That standard is met in this case.

Therefore, petitioner will be allowed an opportunity to overcome his default by showing: (1) what cause he may have had for not appealing his claims or including his claims in his initial postconviction motion and what prejudice he will suffer if this court fails to consider his claims; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the conviction in the Circuit Cout for Waukesha County case number 2008CF3382.

## B. Timeliness

Petitions brought under 28 U.S.C. § 2254 have a one-year statute of limitations that begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was convicted on October 31, 2002, the Wisconsin Court of Appeals ruled on his direct appeal on September 28, 2005 and the Wisconsin Supreme Court denied his petition for review on February 21, 2008. Therefore, petitioner's statute of limitations for filing a federal habeas petition expired on or about February 21, 2009. Petitioner did not file his habeas petition in this court until 2019, more than 10 years after the one-year period for doing so had expired.

Under § 2244(d)(2), the time during which a "properly filed application for state post-conviction or other collateral review" is pending is not counted toward any period of

limitation.  Petitioner may contend that his one-year clock was tolled because he filed various requests for postconviction relief with the state court between 2008 and 2011. However, the state court determined that none of petitioner's requests for postconviction relief were properly filed because they were conclusory, did not contain sufficient factual allegations to warrant a hearing and were barred by Escalona-Naranjo, 185 Wis. 2d at 185, because they could have been raised on direct appeal or in his first postconviction motion.  In addition, the circuit court's final ruling with respect to petitioner's postconviction motions was in May 2011, at the latest, which was about four years before petitioner filed a state habeas petition and eight years before he filed his federal habeas petition in this court.  Therefore, by the time petitioner filed his federal habeas petition in December 2019, his one-year federal habeas clock had long since run.

The one-year deadline for filing habeas petitions may be extended if the state prevented the petitioner from filing earlier, if the Supreme Court has recognized a new constitutional right or if the petitioner has discovered new facts supporting his claim.  28 U.S.C. § 2244(d)(1)(B)-(D).  Because petitioner has not alleged any action on the part of the state, a newly recognized constitutional right or new facts supporting his exhausted claims, none of the statutory tolling provisions seem to apply.  Therefore, the petition is untimely unless petitioner can show that his is one of the rare cases in which equitable tolling of the limitations period is warranted.  Mayberry v. Dittmann, 904 F.3d 525, 529 (7th Cir. 2018) ("Equitable tolling of AEDPA's one-year limitations period is an extraordinary remedy that is 'rarely granted.'") (quoting Carpenter v. Douma, 840 F.3d

867, 870 (7th Cir. 2016)). To qualify, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. A review of the petition shows that it is unlikely that petitioner will be able to satisfy the high bar for equitable tolling. It is well-settled that lack of legal expertise is not a basis for tolling the federal limitations period. See e.g., Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008); Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006). Although petitioner diligently pursued his rights into 2011, he failed to appeal the rulings of the circuit court and did not file any other request for relief related to his claims until 2015.

As with procedural default, it would be inappropriate to dismiss petitioner's untimely claims without first providing petitioner the opportunity to demonstrate that they are timely. Day v. McDonough, 547 U.S. 198, 209-10 (2006) (before dismissing petition as untimely *sua sponte*, court should give petitioner notice and opportunity to respond). Therefore, I will allow petitioner an opportunity to present a valid reason why his claims are not barred from federal review by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).

ORDER

IT IS ORDERED that

1. Petitioner Dennis Hohol has until May 1, 2020 to show cause why his claims should not be dismissed as barred by the one-year statute of limitations under 28 U.S.C.

§ 2244(d)(1) or by the doctrine of procedural default. If petitioner fails to respond by May 1, 2020, I will dismiss the petition with prejudice.

2. Petitioner's motion for court assistance in recruiting counsel, dkt. #2, is DENIED without prejudice.

Entered this 2d day of April, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge