IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS HOHOL,

                                                               OPINION AND ORDER

                Petitioner,

                                                                 19-cv-993-bbc

     v.

MICHAEL MEISNER,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Dennis Hohol has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges the 2002 judgment of convictions entered by the Circuit Court for Waukesha County, Wisconsin, in Case Nos. 2000CF639 (three counts of second degree assault of a child) and 2001CF380 (one count child enticement–sexual contact). Although it is almost impossible to discern from the petition what claims petitioner is raising or the arguments that he is making, he seems to be raising the following claims: (1) the trial judge erroneously admitted evidence of petitioner's other bad acts; (2) the evidence was insufficient to convict petitioner; (3) the trial court improperly considered petitioner's other bad acts at sentencing; (4) the trial court abused its discretion when it imposed a sentence totaling 35 years out of a possible 50 years; and (5) petitioner's trial, postconviction and appellate counsel were ineffective for various reasons. On April 2, 2020, I ordered petitioner to show cause why his claims should not be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) or by the doctrine of procedural default. Dkt. #5.

1

In response to the show cause order, petitioner has submitted a confusing brief in which he argues the merits of his case, lists numerous errors allegedly made by his trial and postconviction counsel and points out that he has been diligently pursuing his legal rights as a pro se litigant since the denial of his postconviction motion in 2008. However, none of petitioner's arguments provides a reason for this court to overlook his procedural default and untimely claims and hear his petition on the merits. Therefore, I am dismissing the petition.

OPINION

A. Untimely Exhausted Claims

As I explained in the show cause order, a state prisoner must fully exhaust his claims by presenting them at all levels of review in the state courts before raising them in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). Petitioner has exhausted his claims regarding the admission of his prior bad acts at trial, the sufficiency of the evidence and the consideration of his prior bad acts at sentencing. He raised those claims on direct appeal, which the court of appeals rejected on the merits on September 28, 2005. The state supreme court denied his petition for review on February 21, 2008. However, petitioner's statute of limitations for filing a federal habeas petition with respect to those claims expired on or about February 21, 2009. 28 U.S.C. § 2244(d)(1)(A) (one-year statute of limitations for filing habeas

2

petitions runs from "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Although the time during which a "properly filed application for state post-conviction or other collateral review" is pending is not counted toward any period of limitation, § 2244(d)(2), the numerous requests that petitioner made for postconviction relief between 2008 and 2011 did not toll the statute of limitations because he failed to file them properly or appeal the circuit court's denial of his requests.  As discussed in the previous order, the state courts determined that petitioner's requests for postconviction relief were conclusory, did not contain sufficient factual allegations to warrant a hearing and were barred by State v. Escalona-Naranjo, 185 Wis.2d 168, 185, 517 N.W.2d 157 (1994), because they could have been raised on direct appeal or in his first postconviction motion.  In addition, the circuit court's final ruling with respect to those postconviction motions was made in May 2011, at the latest, which was about four years before petitioner made his next filing in 2015 (a state habeas petition) and eight years before he filed his federal habeas petition in this court.  Therefore, by the time petitioner filed his state petition in 2015, and federal habeas petition in December 2019, his one-year federal habeas clock had long since run.  Therefore, the claims that petitioner raised in his direct appeal are untimely.

As I discussed in my previous order, the one-year deadline for filing habeas petitions may be extended for certain reasons outside petitioner's control, 28 U.S.C. § 2244(d)(1)(B)-(D) (state prevented petitioner from filing earlier, newly recognized

3

constitutional right or discovery of new facts supporting claim), or tolled in the rare case in which petitioner pursued his rights diligently but some extraordinary circumstance stood in his way and prevented timely filing. Mayberry v. Dittmann, 904 F.3d 525, 529 (7th Cir. 2018). Petitioner has not alleged any action on the part of the state that prevented his timely filing, a newly recognized constitutional right, new facts supporting his exhausted claims, or any other extraordinary circumstance. His pro se status and general lack of legal expertise are not grounds for tolling the federal limitations period. See e.g., Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008); Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006). Accordingly, petitioner's claims regarding the admission of his prior bad acts at trial, the sufficiency of the evidence and the consideration of his prior bad acts at sentencing are barred from federal review by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).

### B. Procedural Default of All Claims

Following the conclusion of his direct appeal in 2008, and until 2011, petitioner continued to raise his previously-exhausted claims as well as new claims regarding the length of his sentence and ineffective assistance of counsel in various motions and correspondence that he filed in the state circuit court. However, he never appealed the circuit court's 2008, 2009 and 2011 denials of his requests for postconviction relief with respect to any of those claims. Because petitioner failed to appeal his claims in the state courts, and it is clear that he may no longer do so, his claims are barred by the doctrine of

4

procedural default. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004); Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001). See also Escalona-Naranjo, 185 Wis. 2d at 185 (defendant who has had direct appeal or another postconviction motion may not seek collateral review of issue that was or could have been raised in the earlier proceeding).

As I explained in my previous order, petitioner can overcome procedural default only by showing: (1) what cause he may have had for not appealing his claims or including his claims in his initial postconviction motion and what prejudice he will suffer if this court fails to consider his claims; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the conviction in the Circuit Court for Waukesha County case number 2008CF3382. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner seems to blame his procedural default on the alleged ineffectiveness of his past counsel and on the fact that he has been proceeding pro se since 2008. A prisoner's pro se status or lack of education or legal knowledge by themselves do not qualify as adequate grounds to excuse a procedural default. Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003); Dellinger v. Bowen, 301 F.3d 758, 763 (7th Cir. 2002) (petitioner's youth and lack of education did not constitute cause); Henderson v. Cohn, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (petitioner's illiteracy and limited education insufficient to establish "cause"). Although meritorious claims of ineffective assistance can excuse a procedural default, Brown v. Watters, 599 F.3d 602, 609 (7th Cir. 2010), petitioner was not represented by an

5

attorney at the time he filed his requests for postconviction relief, so he has no one to blame but himself. In addition, ineffective assistance of counsel claims must themselves be preserved; before a petitioner may use the independent constitutional claims of ineffective assistance of appellate counsel as cause to excuse a procedural default, he is required to raise the claims through one full round of state court review. Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014). Petitioner never presented through one full round to the state courts an argument that his trial, postconviction or appellate counsel was ineffective, and he cannot raise that argument for the first time here.

Although petitioner says that he is actually innocent and rehashes various errors committed by the trial court and his attorneys, "[t]o be credible, a claim [of actual innocence] requires 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" Thomas v. Williams, 822 F.3d 378, 387 (7th Cir. 2016) (citations omitted). Petitioner has not identified any such evidence.

Finally, under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). For the reasons stated above, the court finds that reasonable jurists would not

debate whether this court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). Therefore, no certificate will issue.

ORDER

IT IS ORDERED that petitioner Dennis Hohol's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED. No certificate of appealability will issue.

Entered this 1st day of May, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge