IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS HOHOL,

                                       OPINION AND ORDER

           Petitioner,

                                      19-cv-993-bbc

     v.

MICHAEL MEISNER,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Dennis Hohol filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he raised five claims challenging his 2002 judgment of convictions in the Circuit Court for Waukesha County, Wisconsin, Case Nos. 2000CF639 and 2001CF380.  In an order entered on May 1, 2020, I found that:  (1) three of petitioner's claims are barred from federal review by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) because the state courts' final ruling with respect to those claims occurred more than eight years ago; and (2) petitioner procedurally defaulted all five of his claims by not appealing the state circuit court's denials of his requests for postconviction relief with respect to his claims.  Dkt. #7. Petitioner has now moved for reconsideration of that order, arguing that I erred in restating some aspects of the procedural history of his case.  Dkt. ##10-11.  However, none of petitioner's arguments provide a reason for this court to overlook his procedural default and untimely claims and hear his petition on the merits.  Therefore, the motion for reconsideration will be denied.

1

OPINION

Petitioner says that his initial appellate attorney only raised three issues on appeal and died before he could file a timely petition of review in the Wisconsin Supreme Court. Court records online show that the state supreme court denied his petition for review on February 21, 2008, Hohol v. Circuit Court for Waukesha County, 2008 WI 19, 307 Wis. 2d 296, 746 N.W.2d 814, but petitioner says that his petition for review was denied (at least initially) in 2006 as untimely. Even if this is correct, and regardless whether the petition for review was timely filed, petitioner did not file a federal habeas petition with respect to the claims that he raised on direct appeal until 2019, which was more than 10 years after the one-year period for doing so had expired. Petitioner says that between 2009 and 2012, he was contacting attorneys to help represent him. However, as explained in the previous order, neither petitioner's pro se status nor his lack of legal expertise is not a basis for tolling the federal limitations period. See e.g., Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008); Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006).

Following the conclusion of his direct appeal in 2008, and until 2011, petitioner continued to raise his previously-exhausted claims and numerous other issues in various motions and correspondence that he filed in the state circuit court. However, petitioner did not appeal the circuit court's 2008, 2009 and 2011 denials of those requests for postconviction relief. As I have explained to petitioner, when a defendant has pursued

state court remedies but failed to properly present his claims to all levels of review in the

state courts along the way, those claims are barred by the doctrine of procedural default.

Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  Petitioner says that he was not

told that he could appeal the denial of his postconviction motions.  He also says that in

2012 he was finally able to hire an attorney, who filed a state habeas petition on his

behalf in 2017 and 2019, and that he filed his federal habeas petition in this court soon

after the state courts denied those petitions in 2019.  However, even by the time that

petitioner hired the attorney in 2012, the time for appealing the circuit court's denial of

his postconviction motions had long since passed. As with the one-year statute of

limitations period for filing a federal habeas petition, a prisoner's pro se status or lack of

education or legal knowledge by themselves do not qualify as adequate grounds to excuse

a procedural default.  Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003); Dellinger v.

Bowen, 301 F.3d 758, 763 (7th Cir. 2002) (petitioner's youth and lack of education did

not constitute cause); Henderson v. Cohn, 919 F.2d 1270, 1272-73 (7th Cir. 1990)

(petitioner's illiteracy and limited education insufficient to establish "cause").

In sum, petitioner could have exhausted his claims by complying with the state

court system's procedural rules and filed a timely federal petition with respect to the

claims that he appeared to have exhausted, but he failed to do so.  Therefore, his claims

are barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) or by the

doctrine of procedural default.  Because petitioner did not provide a valid reason for this

court to overlook his procedural default and untimely claims and hear his petition on the

merits, his petition was properly dismissed.


### ORDER

IT IS ORDERED that petitioner Dennis Hohol's motion for reconsideration, dkt.

##10-11, is DENIED.

Entered this 27th day of May, 2020.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            BARBARA B. CRABB
                                            District Judge