IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS HOHOL,

                                                                                    ORDER

                    Petitioner,

                                                                                19-cv-993-bbc

     v.

MICHAEL MEISNER,

                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Dennis Hohol filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he raised five claims challenging his 2002 judgment of convictions in the Circuit Court for Waukesha County, Wisconsin, Case Nos. 2000CF639 and 2001CF380. In an order entered on May 1, 2020, I found that: (1) three of petitioner's claims are barred from federal review by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) because the state courts' final ruling with respect to those claims occurred more than eight years ago; and (2) petitioner procedurally defaulted all five of his claims by not appealing the state circuit court's denials of his requests for postconviction relief with respect to his claims. Dkt. #7. On May 27, 2020, I denied petitioner's motion for reconsideration of that order. Dkt. #12. Now before the court is petitioner's second motion for reconsideration, in which he repeats many of the same arguments that he raised in his response to the court's show cause order and his first motion for reconsideration. Dkt. #13. See also dkt. ##6, 10-11.

1

To succeed on a motion for reconsideration under Rule 59 of the Federal Rules of Civil Procedure, petitioner would need to clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence should preclude entry of judgment. Cincinnati Life Insurance Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013). Petitioner has not met this burden. He continues to explain that after proceeding pro se on appeal for many years, he was finally able to hire an attorney in 2012, but that attorney waited almost eight years to file a state habeas petition on his behalf. However, as I have explained in my previous orders, even by the time that petitioner hired the attorney in 2012, too much time had passed and he had procedurally defaulted his claims. Petitioner's renewed arguments that this attorney was ineffective and that petitioner is actually innocent of the crimes of which he was convicted fail for the reasons discussed in my previous orders. Therefore, I will deny the motion for reconsideration.

ORDER

IT IS ORDERED that petitioner Dennis Hohol's motion for reconsideration, dkt. #13, is DENIED.

Entered this 19th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge